UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MARTHALER, | ) | Case No. 06 cv 3332 |
| | ) | |
| Plaintiff, | ) | Judge Kennelly |
| | ) | |
| GLENBARD SCHOOL DISTRICT #87 | ) | Magistrate Judge Nolan |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO BAR PLAINTIFF'S EXPERT OPINIONS**

Defendant, BOARD OF EDUCATION OF GLENBARD TOWNSHIP HIGH SCHOOL DISTRICT 87, improperly sued as GLENBARD SCHOOL DISTRICT #87 ("Glenbard"), submits this Memorandum of Law In Support of Its Motion to Bar Plaintiff's Expert Opinions.

**INTRODUCTION**

In this employment discrimination case, arising in part under the Americans With Disabilities Act ("ADA"), Plaintiff, Gregory Marthaler ("Plaintiff"), seeks to have expert opinions admitted into evidence concerning his status as an alcoholic and how his alcoholism has impacted certain major life activities. Dr. Robert F. Smith ("Dr. Smith"), the retained expert, is neither a psychiatrist nor an addictionologist. He is a trauma room doctor. The proffered testimony is not reliable under Rule 702, as amended to incorporate the Supreme Court's decisions in <u>Daubert</u> and <u>Kumho Tire</u>. Moreover, Dr. Smith's expert report is patently deficient under Rule 26(a)(2)(B) because it fails to state the bases and reasons for Dr. Smith's conclusions. For these reasons, the motion to bar Dr. Smith from testifying at trial should be granted.

## ARGUMENT

I.  Dr. Smith's Opinions Do Not Meet the <u>Daubert</u> and <u>Kumho Tire</u> Requirements Under Rule 702 Because They Lack Indicia of Reliability.

Dr. Smith's proffered opinions are subject to Federal Rule of Evidence 702. Rule 702, as amended to reflect the United States Supreme Court's opinion in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), provides that expert testimony is admissible if offered by "a witness qualified as an expert by knowledge, skill, experience, training or education." Fed. R. Evid. 702. The second part of Rule 702 incorporates the reliability analysis from <u>Daubert</u> and mandates that expert testimony be based upon sufficient facts or data, be the product of reliable principles and methods and demonstrate that the expert has applied the principles and methods reliably to the facts of the case. <u>Id.</u> The "gatekeeping" function established in <u>Daubert</u> applies to all kinds of expert testimony, not just that based on scientific principles. <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 147 (1999).

The Seventh Circuit uses two evaluative criteria to determine whether expert testimony is reliable under <u>Daubert</u> and <u>Kumho Tire</u>: "whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusions is reliable." <u>Masters v. Hesston Corp.</u>, 291 F.3d 985, 991 (7th Cir. 2002); <u>Dewick v. Maytag Corp.</u>, 324 F. Supp. 2d 894, 897 (N.D. Ill. 2004). In this regard, the court must be certain that the expert possesses the "level of intellectual rigor that characterizes the practice of an expert in the relevant field," and "at a minimum . . . possess[es] skill or knowledge greater than the average layman." <u>Kumho Tire Co.</u>, 526 U.S. at 152. As the Seventh Circuit has stated, *"because an expert's qualifications bear upon whether he can offer special knowledge to the jury, the* <u>Daubert</u> *framework permits – indeed, encourages*

– *a district judge to consider the qualifications of the* witness." Ancho v. Pentek Corp., 157 F.3d 512, 518 (7th Cir. 1998) (emphasis in original). Under the governing analytical framework, Dr. Smith's opinions do not satisfy the <u>Daubert</u>-<u>Kumho Tire</u> reliability inquiry.

A.  **Dr. Smith is Not Qualified to Opine on Plaintiff's Alcoholism.**

By his own admissions, Dr. Smith is not qualified in the pertinent field to opine on Plaintiff's alcoholism and its repercussions on identified major life activities. Dr. Smith is not currently practicing medicine. <u>See</u> Motion to Exclude, Ex. C (Smith Dep. Tr., p. 7:11). Rather, he is selling nutritional supplements. <u>Id.</u>, Ex. C (Smith Dep. Tr., at pp. 6: 16-24; 7: 1-10). Dr. Smith admits that his field of expertise is internal medicine, emergency medicine and trauma. <u>Id.</u>, Ex. C (Smith Dep. Tr., at pp. 8: 23-24; 9: 15-23). He admits that he is not an expert in psychiatry or addictionology. <u>Id.</u>, Ex. C (Smith Dep. Tr., at pp. 9: 24; 10: 1-10). Despite these admissions, Plaintiff is seeking to have Dr. Smith opine on issues directly related to an addiction – alcoholism – and its impact on his daily life activities. The opinions of a trauma room doctor lack credibility and are unreliable. Nothing in Dr. Smith's qualifications suggests that he would be qualified to render expert testimony on the opinions contained in his report. Rule 26(a)(2)(B) mandates Dr. Smith to list all of his qualifications relative to the expert opinions he is issuing on alcoholism.

In his expert report, Dr. Smith has listed a series of papers, presentations, abstracts and professional experience, none of which even tangentially relates to authoritative studies or work experience as a professional treating alcoholics or addicts. As one recent federal court has stated, if an expert's area of experience "is adjacent to, but

not actually encompassing, the subject matter of his testimony, he may be deemed unqualified." Player v. Motiva Enters., LLC, 2006 U.S. Dist. LEXIS 2288 at *5 (D.N.J. Jan. 20, 2006). Here, Dr. Smith's field of expertise is not even adjacent to treating alcoholism and determining how an addiction can impact individual's daily life functions.

**B.     Dr. Smith's Methodology is Unreliable.**

Under the second part of the Masters analysis, Dr. Smith's methodology for opining on the effect of Plaintiff's alcohol use on certain of his major life activities is unreliable. Dr. Smith provides nothing more than a brief synopsis of what Plaintiff told him concerning alcohol's impact on major life activities. It is apparent from reading Dr. Smith's reports that he blindly accepted Plaintiff's recitation of the facts without employing a battery of tests to verify Plaintiff's own account of his personal history. Dr. Smith has given no indication at all that he has factored in or discounted other potential contributing causes as to why certain life activities may be impacted.

It is axiomatic that proffered expert testimony must be helpful and assist the jury in understanding the evidence or determining a disputed fact. Daubert, 509 U.S. at 591; Cummins v. Lyle Indus., 93 F.3d 362, 368 (7th Cir. 1996). Dr. Smith's opinions on major life activity impact are simple conclusions based entirely on Plaintiff's own words, testimony that can easily be provided by Plaintiff based on his own personal observations. Without any sort of scientific or experiential analysis to support these conclusions, Dr. Smith's opinions lack proper proof of reliability and fail to meet admissibility standards under Rule 702. Huey v. United Parcel Serv., Inc., 165 F.3d 1084, 1087 (7th Cir. 1999) (stating that an expert must "substantiate his opinion; providing only an ultimate conclusion with no analysis is meaningless.").

II. **Dr. Smith's Opinions Concerning the Impact of Plaintiff's Purported Alcoholism on Major Life Activities Do Not Contain Sufficient Bases for the Conclusions Drawn and Are Improper Under Rule 26(a)(2)(B).**

Two rules serve to preclude the admission of Dr. Smith's opinions concerning the effect of Plaintiff's alleged alcoholism on major life activities. Federal Rule 26(a)(2)(B) governs the scope of an opinion witness's report, while Rule 37(c)(1) contains the appropriate sanction for a non-compliant report. In this case, Dr. Smith has not met his obligation to state the bases and reasons for the opinion he has proffered with respect to the impact of alcoholism on Plaintiff's major life activities. Accordingly, those opinions should be excluded under Rule 37.

Rule 26(a)(2)(B) provides that the report of an expert witness "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor." FRCP 26(a)(2)(B). The use of the term "shall" leaves "no room for waffling." Osterhouse v. Grover, 2006 U.S. Dist. LEXIS 50282 at *6 (S.D. Ill. July 20, 2006). The Seventh Circuit has recently articulated the nature of Rule 26(a)(2)(B) and the obligations that experts must meet in order to have their opinions admitted at trial:

> Rule 26(a) expert reports must be "detailed and complete." A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources. Expert reports must not be sketchy, vague or preliminary in nature. Disclosures must not be used as a means to extend a discovery deadline. Expert reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions.

Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 742 n.6 (7th Cir. 1998) (citations omitted). Judge Shadur has explained the policy reasons behind the mandates

of Rule 26(a) and why opponents should not be forced to take a deposition to learn the precise nature and reasoning of opinions entered by an expert. See Dunkin' Donuts Inc. v. N.A.S.T., Inc., 2005 U.S. Dist. LEXIS 16703 at *4-6 (N.D. Ill. Aug. 10, 2005).

With respect to Dr. Smith's opinions concerning the impact of alcoholism on Plaintiff's major life activities, the report flouts the purpose of the rule. Glenbard was forced to depose Dr. Smith to ascertain how he drew the conclusion relative to the effects of the claimed disability, and why he reached this opinion. Nothing in the report even comes close to stating the "how" and "why" that are required to be set forth in detail. Simply put, Dr. Smith's report required a penetrating, lengthy deposition to ascertain the reasons for his opinion, something which may have once been acceptable before Rule 26 was amended but which is not now.

Taking the report's disclosures in the light most favorable to Plaintiff, all Dr. Smith did in terms of setting forth a basis for his opinions related to major life activity impact is to recite a brief history taken from an interview with Plaintiff himself, and review an incomplete set of Plaintiff's medical records. As set forth above, Dr. Smith is not an addictionologist or a psychiatrist, but rather a trauma room doctor. His credentials attached to his report give no indication how he would be qualified to opine on alcoholism's impact with respect to Plaintiff's major life activities. Glenbard still cannot determine from the vague and sketchy report provided just how Dr. Smith came to his conclusions. In this respect, the opinions must be excluded since Plaintiff, not a hired expert, is the appropriate person to relate facts that could demonstrate to the Court how his claimed alcoholism impacted his various life activities. Since Dr. Smith is just reciting what Plaintiff told him, it would be duplicative and prejudicial to have a trauma

room physician carry the imprimatur of expertise into the courtroom and explain for the trier of fact how alcohol has played a role in Plaintiff's life.

An expert's report must contain more than mere conclusions. Minasian v. Standard Chartered Bank, PLC, 109 F.3d 1212, 1216 (7th Cir. 1997) (finding that an expert's report that does nothing to substantiate the expert's opinion is "worthless" and inadmissible); Griffith v. Northeast Ill. Reg. Commuter R.R. Corp., 233 F.R.D. 513, 519 (N.D. Ill. 2006) (striking expert report when doctor did not disclose basis and reasons for his opinions). In this case, Dr, Smith's opinions concerning the effect of alcoholism on Plaintiff's life activities contain only conclusions and a paucity of supporting reasons. As such, they should be stricken and barred under Rule 37(c)(1).

## CONCLUSION

Nothing under the ADA requires Plaintiff to employ an expert witness to demonstrate his claimed disability or its effect on major life activities. See Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198 (2002) (noting ability of ADA plaintiff to prove disabling condition under the Act based on personal experiences). However, admitting unreliable testimony from a physician who is admittedly not versed in addiction treatment and psychiatry will have a prejudicial impact on Glenbard at trial, cloaking Plaintiff's personal experiences with the stamp of an expert whose testimony does nothing to help the jury understand a complex medical issue. Reduced to its essentials, Plaintiff has hired an expert to recite simply what he told him. Dr. Smith never treated Plaintiff and has no academic or professional credentials which enable him

to enter the opinions set forth in his report. The opinions and testimony of Dr. Smith should be barred for the reasons set forth above.

                                        Respectfully submitted,

                                        Clingen Callow & McLean, LLC

                    By:    s/ Ross I. Molho

Ross I. Molho
Clingen Callow & McLean, LLC
2100 Manchester Road, Suite 1750
Wheaton, Illinois 60187
(630) 871-2600
ARDC #0623114

## PROOF OF SERVICE

In accordance with LR 5.9 and with the General Order on Electronic Case Filing and subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Fed, R.Civ.P. 5(b)(2)(D) as to all Filing Users, which Richard J. Gonzalez is so identified on May 24, 2007.

By: /s/Ross I. Molho